Matter of Fernandez v REICO Intl. Realty (2020 NY Slip Op 00338)





Matter of Fernandez v REICO Intl. Realty


2020 NY Slip Op 00338


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

528217

[*1]In the Matter of the Claim of Misael Fernandez, Appellant,
v
REICO International Realty, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ. 


Mobilization for Justice, Inc., New York City (Carolyn Coffey of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeals (1) from an amended decision of the Workers' Compensation Board, filed June 19, 2018, which denied a request for fees in connection with the representation of claimant, and (2) from a decision of said Board, filed October 16, 2018, which denied a request for reconsideration and/or full Board review.
Claimant was injured at work and, shortly after making a claim for workers' compensation benefits, was discharged from his employment. Claimant filed a discrimination complaint pursuant to Workers' Compensation Law § 120 against the employer, alleging that he was discharged in retaliation for filing a workers' compensation claim. In connection therewith, claimant retained the services of MFY Legal Services, Inc. (now known as Mobilization for Justice), an independent, not-for-profit legal services organization that provided free legal services for low wage individuals, like claimant, in workers' compensation cases. MFY sought and obtained permission from the Workers' Compensation Board for a law school graduate to represent claimant in the workers' compensation matter in accordance with 12 NYCRR 302-1.6.
Following various hearings at which the employer did not appear, the Workers' Compensation Law Judge ultimately ruled, among other things, that the employer violated Workers' Compensation Law § 120, awarded damages to claimant, penalized the employer $500 and granted claimant's request for counsel fees, payable by the employer. The Board panel, by decision filed December 19, 2017, denied the employer's subsequent application for a rehearing/reopening of the case. Thereafter, the Board issued an amended decision — filed June 19, 2018 — which, among other things, modified the decision of the Workers' Compensation Law Judge by rescinding the counsel fees awarded to claimant upon a finding that such fees are not permitted because claimant's legal representative was a law school graduate who, pursuant to 12 NYCRR 302-1.6, is precluded from receiving fees. The Board, by decision filed October 16, 2018, denied claimant's subsequent application for reconsideration and/or full Board review. Claimant appeals from both the Board's June 19, 2018 decision and its October 16, 2018 denial of reconsideration and/or full Board review.[FN1]
MFY challenges the Board's determination that claimant's legal representative was precluded from receiving counsel fees. Workers' Compensation Law § 120 permits "fees or allowances for services rendered by an attorney or licensed representative as fixed by the [B]oard" to be imposed against the employer (emphasis added). Where, however, the Board approves law school graduates or law interns to represent claimants in matters before the Board, 12 NYCRR 302-1.6 expressly provides that "representation of claimants by law interns shall be without fee or any other remuneration . . . and no law intern or supervising attorney shall request or receive any fee or remuneration for such representation."
We reject MFY's contention that 12 NYCRR 302-1.6 does not apply to Workers' Compensation Law § 120 claims and that, therefore, claimant's legal representative was entitled to receive counsel fees for legal services that she provided while she was a law school graduate awaiting admission to the New York bar. Workers' Compensation Law § 120 does not conflict with or render inapplicable the provisions of 12 NYCRR 302-1.6 that prohibit an award of counsel fees for legal representation provided by law school graduates or law interns. The regulation sets forth a blanket prohibition against requesting or receiving counsel fees for such legal representation, with no exception made for successful discrimination claims brought under Workers' Compensation Law § 120. Accordingly, we discern no error in the Board's determination that claimant's legal representative was precluded from requesting and receiving counsel fees for legal services rendered when she was a law school graduate, not yet admitted to the New York bar.
However, the Board incorrectly determined that the "entirety" of the legal representation provided to claimant was rendered by a law school graduate. Claimant's legal representative was admitted to the New York bar on July 17, 2017, prior to the resolution of the Workers' Compensation Law § 120 claim and the conclusion of the legal representation. Following her admission, claimant's legal representative provided 4.6 hours of legal services to claimant. As claimant's legal representative was an admitted attorney at the time that these services were rendered, 12 NYCRR 302-1.6 does not preclude her from requesting and receiving counsel fees for such services. Accordingly, the Board should have awarded counsel fees for legal services rendered after claimant's legal representative was admitted to the New York bar.
To the extent that we have not addressed MFY's remaining contentions, we have reviewed them and find them to be without merit.
Lynch, J.P., Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the amended decision and decision are modified, without costs, by reversing so much thereof as declined to award counsel fees to claimant's legal representative for legal services rendered on or after July 17, 2017; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Given that the only issues on this appeal relate to the award of fees for legal representation, the notice of appeal should have been filed by claimant's legal representative as the party in interest pursuant to Workers' Compensation Law § 23 (see Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 n [2014]). In the absence of any alleged prejudice, we will disregard that defect and treat the appeal as having been taken by claimant's legal representative (see CPLR 2001; Matter of Cedeno v PACOA, 120 AD3d at 1459 n).